**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENGIZ SENGEL, | Case No. 5:21-cv-01704 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;** |
| RESURGENT CAPITAL SERVICES L.P., and LVNV FUNDING, LLC, | **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW comes CENGIZ SENGEL ("Plaintiff"), by and through the undersigned, complaining as to the conduct of RESURGENT CAPITAL SERVICES L.P. ("RCS") and LVNV FUNDING, LLC ("LVNV") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, stemming from Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business within, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within, the Central District of California.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law and fact will arise.

### PARTIES

5. Plaintiff is a consumer over-the-age of 18 residing in Riverside County, California, which is located within the Central District of California.

6. RCS is a third party debt collector who, through the course of its business, regularly collects or attempts to collect defaulted consumer obligations originally owed to others, and is further a business whose principal purpose is the collection of

debts. RCS is a limited partnership with its principal place of business located at 55 Beattie Place, Suite 110, Greenville, South Carolina 29601.

7. LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[1] LVNV is a limited liability company organized under the laws of the state of Delaware and its principal place of business is located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada.

8. LVNV is RCS's principal. Consequently, LVNV is liable for RCS's actions as it exercises control over RCS's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

10. The instant action arises out of Defendants' attempts to collect upon an outstanding debt ("subject debt") that Plaintiff allegedly owed.

---

[1] http://www.lvnvfunding.com/

11.  The subject debt was purportedly incurred for the purchase personal household goods and/or services.

12.  Upon information and belief, after Plaintiff's purported default, the subject debt was purchased by LVNV.

13.  Subsequently, LVNV placed the subject debt with RCS for collection purposes.

14.  Defendants decided to contact Plaintiff regarding the subject debt via written correspondence.

15.  Upon information and belief, rather than preparing and mailing a collection letter on their own, Defendants sent information regarding Plaintiff and the subject debt to a commercial mail house in or around Troy, Michigan ("mail house").

16.  Defendants disclosed to the mail house the following information: 1) Plaintiff's status as a purported debtor; 2) that Plaintiff allegedly owes the subject debt in the amount of $2,453.13; and 3) other highly personal pieces of information regarding Plaintiff.

17.  Thereafter, on or around October 30, 2021, the mail house populated some or all of the aforementioned information into a pre-written template, printed, and mailed the letter from Michigan to Plaintiff's residence in California.

18.  The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

4

19. The sending of a file containing information about Plaintiff's purported debt to a mail house is therefore a communication.

20. Defendants' communication to the mail house was in connection with the collection of the subject debt since it involved disclosure of the subject debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged subject debt.

21. Plaintiff never consented to having his personal and confidential information, concerning the subject debt or otherwise, shared with anyone else.

22. If a debt collector "conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

23. Moreover, Defendants' October 30, 2020 collection letter included the following information:

> You may request records showing the following: (1) that LVNV Funding LLC has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of default or the date of the last payment; (4) the name of the charge-off creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement to the debt. A request for these records may be addressed to: 55 Beattie Place Ste. 110, MS 576, Greenville, SC 29601.

24. The aforementioned information included in the October 30, 2020 collection letter misleading suggests to an unsophisticated consumer that Plaintiff could not request records showing that RCS has the right to seek collection of the subject debt.

5

25.Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to confusion and aggravation.

26.Plaintiff has been unnecessarily confused and concerned given Defendants' violations of law, and has further suffered a violation of his federally protected interests as a result of Defendants' conduct.

27.Frustrated over Defendants' conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in expenses.

28.Plaintiff was further subjected to deceptive and misleading conduct by Defendants, which materially impacted and shaped his reaction and course of conduct in response to Defendants' collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29.Plaintiff repeats and alleges paragraphs 1 through 28 as though fully set forth herein.

30.Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

31.Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

32.Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

6

33. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692c

34. The FDCPA, pursuant to 15 U.S.C. §1692c(b), prohibits a debt collector, "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

35. Defendants violated 15 U.S.C. §1692c(b) when they disclosed information about Plaintiff's purported obligation regarding the subject debt to the employees of an unauthorized third-party mail house in connection with the collection of the subject debt.

### b. Violations of the FDCPA § 1692e

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

"The false representation of . . . the character, amount, or legal

7

status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

38. Defendants violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) by including misleading information in the October 30, 2020 collection letter. The October 30, 2020 falsely represents that Plaintiff could not request records showing that RCS has the right to seek collection of the subject debt. Defendants' actions only served to worry and confuse Plaintiff.

39. Defendants violated §§1692e and e(10) when they used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendants to implicitly represent that they could disclose information about the subject debt to a third-party. The FDCPA specifically prohibits debt collectors from making these type of disclosures, thus Defendants acted deceptively by implicitly representing that they could disclose Plaintiff's personal information to a third-party.

### c.  Violations of FDCPA § 1692f

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendants violated 15 U.S.C. § 1692f by using unfair means in connection with the collection the subject debt. It was unfair for Defendants to knowingly disclose sensitive information about Plaintiff to third parties not expressly authorized under the FDCPA.

WHEREFORE, Plaintiff, CENGIZ SENGEL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendants from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

44. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

45. Defendants are "debt collector[s]" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.17

46. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section

9

1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

47. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendants violated 1788.17; and 15 U.S.C. §§1692c, e, and f of the FDCPA. Defendants engaged in deceptive and noncompliant conduct in their attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

48. Defendants willfully and knowingly violated the RFDCPA. Defendants' willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, CENGIZ SENGEL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c.  Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.  Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e.  Award any other relief as the Honorable Court deems just and proper.

Dated: October 7, 2021                    Respectfully submitted,

                                          /s/Alejandro E. Figueroa

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com